U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 2 3 2005
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VERNON JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3-05CV 0293K |
| | § | |
| AUTONATION, INC., | § | |
| BANKSTON AUTO, INC. and | § | |
| W.O. BANKSTON NISSAN, INC. d/b/a | § | |
| BANKSTON NISSAN DALLAS, | § | |
| | § | |
| Defendants. | § | |

## MOTION TO COMPEL ARBITRATION AND
## TO STAY LITIGATION, WITH SUPPORTING BRIEF

TO THE HONORABLE ED KINKEADE, U. S. DISTRICT JUDGE:

Defendants, AutoNation, Inc., Bankston Auto, Inc. and W.O. Bankston Nissan, Inc. d/b/a Bankston Nissan Dallas, file this Motion to Compel Arbitration and Stay Litigation pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 4, and Local Rule 7.2, respectfully seeking an Order compelling arbitration because Plaintiff has failed to arbitrate claims asserted in this lawsuit pursuant to the parties' written Arbitration Agreement:

### I.
### GROUNDS FOR MOTION TO COMPEL

1. In this lawsuit, Plaintiff asserts claims of race and age discrimination. Plaintiff is contractually prohibited from pursuing his claims in this forum because they are subject to a binding Arbitration Agreement executed by Plaintiff on May 30, 2002. Accordingly, Defendants file this Motion to Compel Arbitration and request that the Court enter an Order compelling Plaintiff to

submit his claims to arbitration and staying litigation pending arbitration.

2. On May 30, 2002, Plaintiff executed an Arbitration Agreement as a condition of his employment with Bankston Nissan Dallas. A copy of the Arbitration Agreement is attached hereto as Exhibit "A" and incorporated herein by referenced for all purposes.

3. The parties to the Arbitration Agreement are Plaintiff, Vernon Jones, and his employer. The Arbitration Agreement specifically includes "any and all parent, subsidiary or affiliated entities and all of the respective owners, directors, officers, managers (both direct and indirect), employees, and agents" of Plaintiff's employer. Thus, all parties to this lawsuit fall within the Agreement.

4. Pursuant to the Arbitration Agreement between Plaintiff and his employer, all claims, disputes, and/or controversies that may arise out of the employment context will be resolved by binding arbitration. The Arbitration Agreement expressly encompasses "any claims of discrimination and harassment" all state or federal laws or regulations.

5. Pursuant to the Arbitration Agreement, the parties voluntarily agreed to the binding arbitration provisions and waived their right to trial by jury of any claim either party may have against the other.

6. Plaintiff knowingly and voluntarily entered into a valid agreement to arbitrate, and the claims asserted in this lawsuit fall within the scope of that agreement. No statute or policy renders Plaintiff's claims non-arbitrable. Accordingly, Defendants are entitled to an Order directing that arbitration proceed in the manner provided for in the parties' agreement.

## II.
## BRIEF IN SUPPORT OF MOTION TO COMPEL

Plaintiff's claims should be resolved by binding arbitration and the litigation of such claims stayed pursuant to the parties' Arbitration Agreement. Under the FAA, a written arbitration agreement in any contact involving interstate commerce is valid, irrevocable, and enforceable except on grounds that would permit the revocation of a contract in law or equity. 9 U.S.C. § 2; *Coffman v. Provost * Umphrey Law Firm, L.L.P.*, 161 F. Supp. 2d 720, 724 (E.D. Tex. 2001). As a matter of law, the FAA applies to contracts of employment, excluding from its coverage only employment contracts of transportation workers. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 116 121 S.Ct. 1302, 1310 (2001).

The plain language of the statute requires the Court to stay proceedings once it determines that any issues are referable to arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3; *see also, Moses H. Cone Memorial Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 20 (1983); *Coffman*, 161 F.Supp.2d at 724. In other words, once the Court finds that the parties agreed to arbitrate a dispute, its role is limited to enforcing that agreement. *See AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649-50, 106 S.Ct. 1415, 1419 (1986). Thus, arbitration should proceed in the manner provided for in the parties'

agreement. 9 U.S.C. § 4; *Coffman,* 161 F. Supp. 2d at 724.

The circumstances of the present case satisfy the requirements for enforcement of the parties' Arbitration Agreement. This involves a two-step inquiry: First, whether the parties agreed to arbitrate the dispute; and second, whether any statute or policy renders the claims non-arbitrable. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth,* 473 U.S. 614, 626, 105 S.Ct. 3346, 3353-55 (1985); *R.M. Perez & Associates, Inv. v. Welch,* 960 F.2d 534, 538 (5th Cir. 1992). In determining the scope of an arbitration agreement that falls under the FAA, the court must apply the "federal substantive law of arbitrability." *Harvey v. Joyce,* 199 F.3d 790, 793 (5th Cir. 2000), *citing Moses H. Cone Memorial Hosp.,* 460 U.S. at 24. Federal law, in turn, requires the court to apply ordinary state law principles of contract construction. *Webb v. Investacorp, Inc.,* 89 F.3d 252, 258 (5th Cir. 1996). "Arbitration should not be denied unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation that could cover the dispute at issue." *See MarLen of Louisiana, Inc. v. Parsons/Gilbane,* 773 F.2d 633, 635-36 (5th Cir. 1985), *citing United Steel Workers of America v. Warrior and Gulf Navigational Co.,* 363 U.S. 574, 583, 80 S.Ct. 1347 (1960).

A.   **Plaintiff Agreed to Arbitrate His Discrimination Claims.**

The first question – whether the plaintiff agreed to arbitrate his claims against the defendants – involves two considerations: (1) whether there is a valid agreement to arbitrate; and (2) whether the dispute falls within the scope of that agreement. *See American Heritage Life Ins. Co. v. Lang,* 321 F.3d 533, 537 (5th Cir. 2003), *citing Webb,* 89 F.3d at 258; *PaineWebber, Inc. v. Chase Manhattan Private Bank (Switzerland),* 260 F.3d 453 (5th Cir. 2001); *Penzoil Exploration and Production Co. v. Ramco Energy, Ltd.,* 139 F.3d 1061 (5th Cir. 1998). In making these

**MOTION TO COMPEL ARBITRATION AND
TO STAY LITIGATION, WITH SUPPORTING BRIEF - Page 4**

determinations, the Fifth Circuit instructs that courts "must bear in mind the strong federal policy favoring arbitration and resolve any ambiguity as to the availability of arbitration in favor of arbitration." *PaineWebber*, 260 F.3d at 462, *citing Fedmet,* 194 F.3d at 676.

Under Texas contract law, the intent of the parties is determined by interpreting the language of the contract in its plain grammatical meaning unless doing so would defeat the parties' intention. *See Coffman*, 161 F.Supp.2d at 724; *R&P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518-19 (Tex. 1980). Furthermore, courts will presume that a party has knowledge of the contents of an arbitration agreement when he has a chance to read the agreement and subsequently signs it. *See Singleton v. ASI Corp.*, No. Civ.A.300CV0742R, 2001 WL 167911 at *2 (N.D. Tex. Jan. 19, 2001); *EZ Pawn Corp. v. Mancia,* 934 S.W.2d 87, 90 (Tex. 1966).

In this case, the Arbitration Agreement that Plaintiff executed encompasses the claims asserted against Defendants:

> **Arbitration of Disputes**. Both employee and the Dealership acknowledge that the Dealership promotes a system of alternative dispute resolution that involves binding arbitration to resolve all disputes that may arise out of the employment context. Because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide and/or controversy (including, but not limited to, any claims of discrimination and harassment, whether they be based on the Texas Commission on Human Rights Act, Title VII of the Civil Rights Act of 1964, as amended, as well as all other state or federal laws or regulations) that either the Employee or the Dealership which Employee agrees includes without limitation any and all parent, subsidiary or affiliated entities, and all of the respective owners, directors, officers, managers (both direct and indirect), employees, and agents of the Dealership) may have against the other shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedure of the Texas Civil Practice and Remedies Code §§ 171.001-171.098. This specifically includes any claim, dispute, or controversy, including class action claims, which would otherwise require or allow resort to any court or other governmental dispute resolution forum arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment by, termination of employment, or other association with the Dealership,

whether based on tort, contract, statutory, or equitable law, or otherwise.

\* \* \*

**Waiver of Jury Trial.** **EMPLOYEE AND THE DEALERSHIP UNDERSTAND THAT BY VOLUNTARILY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH GIVE UP THEIR RIGHT TO TRIAL BY JURY OF ANY CLAIM EITHER MAY HAVE AGAINST EACH OTHER.**

\* \* \*

Thus, the parties have entered into a written agreement providing for binding arbitration. Furthermore, the Agreement is broad enough to cover all of Plaintiff's claims against all Defendants. The Agreement expressly provides that it is applicable to any claim, dispute, or controversy arising from Plaintiff's employment and expressly includes claims of discrimination under all state or federal laws or regulations. Plaintiff's allegations of age discrimination allegedly arise from conduct by his employer. The parties entered into the Arbitration Agreement on May 30, 2002. In Plaintiff's Original Complaint, he alleges that he is still employed by Defendants and that he has filed a charge of discrimination. Accordingly, all claims alleged in Plaintiff's claim of discrimination and his Original Complaint in this lawsuit are subject to the Arbitration Agreement between the parties.

**B.   The Arbitration Agreement is Enforceable as to Plaintiff's Claims.**

The second prong of the inquiry is likewise satisfied because no statute or policy renders Plaintiff's age and race discrimination claims non-arbitrable. On the contrary, they are expressly arbitrable as a matter of law. A claim is subject to arbitration unless Congress clearly intended to preclude the parties from waiving their judicial remedies. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S.Ct. 1647, 1652 (1999); *AT&T Technologies, Inc.*, 475 U.S. at 650, 106 S.Ct. at 1419. Because of the liberal federal policy favoring arbitration agreements, this

**MOTION TO COMPEL ARBITRATION AND
TO STAY LITIGATION, WITH SUPPORTING BRIEF - Page 6**

includes statutory claims. *Circuit City Stores,* 532 U.S. at 121-122, 121 S.Ct. at 1313; *Gilmer,* 500 U.S. at 26, 111 S.Ct. at 1652. The employee bears the burden to show that Congress intended to preclude a waiver of a judicial forum for the statutory claim in question. *Id.*; *AT&T Technologies, Inc.,* 475 U.S. at 650.

Since *Gilmer,* the Fifth Circuit has specifically held that broad arbitration agreements covering "any dispute" may preclude judicial consideration of claims arising under a variety of other federal statutes. See, e.g., *Rojas v. TK Communications, Inc.,* 87 F.2d 745, 747 (5th Cir. 1996); *Mouton v. Metropolitan Life Ins., Co.,* 147 F.3d 453, 456 (5th Cir. 1998); *Alford,* 939 F.2d at 230. An arbitration agreement does not deprive a plaintiff of substantive rights, but merely requires him to assert those rights in a non-judicial form. *See Mitsubishi Motors,* 473 U.S. at 615, 105 S.Ct. at 3354. *See also, Miller v. Public Storage Mgmt, Inc.,* 121 F.3d 215 (5th Cir. 1997) (ADA and retaliation under Texas Labor Code); *Williams v. Cigna Fin. Advisors, Inc.,* 56 F.3d 656 (5th Cir. 1995)(ADEA).

Because Plaintiff's claims are arbitrable as a matter of law – and because he has contracted to arbitrate his claims – Defendants respectfully request this Court to stay this litigation so the parties can proceed to arbitration in accordance with their binding Arbitration Agreement. Plaintiff contractually agreed that the claims, disputes, and controversies that are the basis of this lawsuit may only be pursued through arbitration pursuant to the FAA. He should, therefore, be ordered to assert them in a non-judicial forum.

## VII.
## CONCLUSION AND PRAYER

Defendants, AutoNation, Inc., Bankston Auto, Inc. and W.O. Bankston Nissan, Inc. d/b/a

**MOTION TO COMPEL ARBITRATION AND
TO STAY LITIGATION, WITH SUPPORTING BRIEF - Page 7**

Bankston Nissan Dallas respectfully request that the Court enter an Order compelling arbitration and staying this litigation pending arbitration of Plaintiff's claims. Defendants pray for such other and further relief to which they are justly entitled.

        Respectfully submitted,

**GIBSON, McCLURE, WALLACE, & DANIELS, L.L.P.**

By: _____
    Ruth Ann Daniels
    State Bar No. 15109200
    Jonni Walls
    State Bar No. 20793650

8080 North Central Expressway
Suite 1300, L.B. 50
Dallas, Texas 75206-1838
(214) 891-8040
Fax: (214) 891-8010

ATTORNEYS FOR DEFENDANTS
AUTONATION, INC., BANKSTON AUTO, INC. AND
W.O. BANKSTON NISSAN, INC. D/B/A BANKSTON
NISSAN DALLAS

## CERTIFICATE OF CONFERENCE

I certify that I discussed the foregoing Motion with Plaintiff's counsel, William Randell Johnson, on or about March 1, 2005, sent him a proposed draft of the Motion on March 3, 2005, attempted to contact him by phone on March 9, 2005, and sent a letter on March 10, 2005, but have received no response as to whether he agrees with the Motion. Accordingly, I assume he does not agree, and the matter is submitted to the Court for disposition.

_____
Jonni Walls

**MOTION TO COMPEL ARBITRATION AND
TO STAY LITIGATION, WITH SUPPORTING BRIEF** - Page 8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded via certified mail, return receipt requested, to counsel for Plaintiff, William Randell Johnson, 1400 Preston Road, Suite 340, Plano, Texas 75093, on the 22nd day of March, 2005.

_____
Jonni Walls

**MOTION TO COMPEL ARBITRATION AND
TO STAY LITIGATION, WITH SUPPORTING BRIEF - Page 9**



13130 Preston Road, Dallas, Texas 75240
972/450.2400

## ARBITRATION AGREEMENT

**Arbitration of Disputes.** Both Employee and the Dealership acknowledge that the Dealership promotes a system of alternative dispute resolution that involves binding arbitration to resolve all disputes that may arise out of the employment context. Because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both the Dealership and Employee, both the Dealership and Employee agree that any claim, dispute, and/or controversy (including, but not limited to, any claims of discrimination and harassment, whether they be based on the Texas Commission on Human Rights Act, Title VII of the Civil Rights Act of 1964, as amended, as well as all other state or federal laws or regulations) that either the Employee or the Dealership (which Employee agrees includes without limitation any and all parent, subsidiary or affiliated entities, and all of the respective owners, directors, officers, managers (both direct and indirect), employees, and agents of the Dealership) may have against the other shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the Texas Civil Practice and Remedies Code §§ 171.001-171.098. This specifically includes any claim, dispute, or controversy, including class action claims, which would otherwise require or allow resort to any court or other governmental dispute resolution forum arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment by, termination of employment, or other association with the Dealership, whether based on tort, contract, statutory, or equitable law, or otherwise.

**Claims Excepted From Binding Arbitration.** The sole exceptions to the mandatory arbitration provision are claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under Workers' Compensation, and Unemployment Compensation claims filed with the state. However, nothing herein shall prevent Employee from filing and pursuing administrative proceedings only before the U.S. Equal Employment Opportunity Commission or an equivalent state agency.

**Rules of Arbitration.** In addition to requirements imposed by law, any arbitrator herein shall be a retired state or federal court judge, or other similarly qualified individual with arbitration experience as mutually agreed to by the parties, and shall be subject to disqualification on the same grounds as would apply to a judge of such court. The arbitrator shall observe the rules of procedure, evidence, and discovery applicable in civil cases pending in state or federal court, or such other procedural rules as the arbitrator shall designate, provided they allow the parties to prosecute or defend their respective claims and defenses. Resolution of the dispute shall be based solely upon the law governing the claims and defenses set forth in the pleadings, and the arbitrator may not invoke any basis (including but not limited to, notions of "just cause") other than such controlling law. The arbitrator shall have the immunity of a judicial officer from civil liability when acting in


EXHIBIT A



13130 Preston Road, Dallas, Texas 75240
972/450.2400

the capacity of an arbitrator, which immunity supplements any other existing immunity. Likewise, all communications during or in connection with the arbitration proceedings are privileged. As reasonably required to allow full use and benefit of this agreement, the arbitrator shall extend the times set for the giving of notices and setting of hearings. Decisions shall include the arbitrator's written reasoned opinion, and shall be final and binding upon the parties.

**Waiver of Jury Trial.** EMPLOYEE AND DEALERSHIP UNDERSTAND THAT BY VOLUNTARILY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH GIVE UP THEIR RIGHT TO TRIAL BY JURY OF ANY CLAIM EITHER MAY HAVE AGAINST EACH OTHER.

**Severability.** Should any term or provision, or portion thereof, be declared void or unenforceable it shall be severed and the remainder of this agreement shall be enforceable.

**Exclusive Agreement.** It is further agreed and understood that any agreement contrary to the foregoing must be entered into, in writing, by the General Manager of the Dealership. No supervisor or representative of the Dealership, other than the General Manager of the Dealership, has any authority to enter into any agreement contrary to the foregoing arbitration provisions. <u>Oral representations made before or after Employee is hired do not alter this agreement.</u>

**Entire Agreement.** This is the entire agreement between the Dealership and Employee regarding dispute resolution and this agreement supersedes any and all prior agreements regarding this issue.

MY SIGNATURE BELOW ATTESTS TO THE FACT THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS.

Signed at Dallas, Texas, this 30 day of MAY, 2002

_____          BANKSTON NISSAN DALLAS
Employee's Signature                    Dealership Name

VerNON JoNes                            _____
Print Name (Employee)                   By General Manager