

**ORIGINAL**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

APR 1 1 2005

CLERK, U.S. DISTRICT COURT
By _____
          **Deputy**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

VERNON JONES,
    **Plaintiff,**

**vs.**

AUTONATION, INC.,
BANKSTON AUTO, INC., and
W. O. BANKSTON NISSAN, INC.  d/b/a
BANKSTON NISSAN DALLAS,
    **Defendants.**

§
§
§
§
§
§
§
§
§
§
§

**CIVIL ACTION NO. 3-05CV 0293K**

### PLAINTIFF'S MOTION TO STAY ARBITRATION AND RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY LITIGATION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Vernon Jones, hereinafter called Plaintiff, and makes and files this his Motion to Stay Arbitration and Response to Defendants' Motion to Compel Arbitration and Stay Litigation, and for same shows unto this Honorable Court as follows:

I.

Plaintiff was employed with Defendants during which time Defendants discriminated against Plaintiff on the basis of his race, color and/or age.

II.

Plaintiff denies having knowingly and voluntarily signed the arbitration agreement which is attached as Exhibit A to Defendants' Motion to Compel Arbitration and Stay Litigation.

III.

Regardless of whether all parties to this lawsuit fall within the Arbitration Agreement, Plaintiff denies validity of the agreement and would show that is not enforceable.

IV.

Accordingly, Defendants' Motion to Compel Arbitration and to Stay Litigation should be denied.

V.

To the extent necessary, if necessary at all, Plaintiff further pleads in the alternative that any arbitration herein be abated, enjoined and/or stayed indefinitely and that the parties herein be allowed to move forward with the pending litigation without being required to submit to arbitration, binding or otherwise. Also, to the extent necessary if necessary at all, and again pleading in the alternative, Plaintiff requests a jury trial on the issue of whether the arbitration agreement itself is binding and enforceable as to Plaintiff in this case.

VI.

This response and motion for stay of arbitration is supported by Plaintiff's Affidavit of Fact which is attached hereto and incorporated as Exhibit 1 to this response and motion and which is made solely for the purpose of said response and motion.

VII.

To the extent necessary, if at all, Plaintiff specifically denies under oath that the arbitration agreement in question is supported by adequate consideration and/or was knowingly and voluntarily agreed to by Plaintiff.

## BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY LITIGATION AND IN SUPPORT OF PLAINTIFF'S MOTION TO STAY ARBITRATION

The Arbitration Agreement purports to require binding arbitration "under the Federal Arbitration Act, in conformity with the procedures of the Texas Civil Practices and Remedies Code §§ 171.001-171.098." *See Arbitration Agreement* at pg. 1, ¶1. Accordingly, Chapter 171 of the Texas Civil Practices and Remedies Code ("CPRC") controls in this case.

Chapter 171 provides that a "court may stay an arbitration commenced or threatened on application and a showing that there is not an agreement to arbitrate." CPRC §171.023(a). There is no valid, binding agreement to arbitrate in this case.

Chapter 171 further provides that if "there is a substantial bona fide dispute as to whether an agreement to arbitrate exists, the court shall try the issue promptly and summarily." CPRC

§171.023(b). *But cf*, 9 USCA §4 (requires that arbitration issue be tried to a jury where as here a written request for jury is made). A substantial bona fide dispute exists in this case because Plaintiff did not knowingly and voluntarily enter the agreement in question but was forced to sign it under the duress and threat of losing his job and without benefit of advice of counsel. Moreover the agreement in question is unconscionable and therefore unenforceable.

Chapter 171 also provides that the court "shall stay the arbitration if the court finds for the party moving for the stay [but if] the court finds for the party opposing the stay, the court shall order the parties to arbitrate." Plaintiff requests a finding that the arbitration agreement in this case is not valid or enforceable, and further requests that the court stay arbitration in this matter as required under Chapter 171.

"A party may revoke the [arbitration] agreement only on a ground that exists at law or in equity for the revocation of a contract." CPRC §171.001(b). *See also*, 9 USCA §2.

### The arbitration agreement is not enforceable because it is not supported by consideration and/or the stated consideration was grossly inadequate.

To be enforceable, a contract must be based on mutuality of obligation. *See e.g., Texas Gas Utility Co. v. Barrett*, 460 SW2d 409, 412 (Tex. 1970). In other words, in order to be valid and enforceable, a contract must be supported by adequate consideration. Consideration is the bargained-for exchange of promises and consists of either a benefit to the promisor (the person whom makes a promise) or a loss or detriment to the promisee (the person to whom a promise has been made). *See e.g., Roark v. Stallworth Oil & Gas, Inc.*, 813 SW2d 492, 496(Tex. 1991). The arbitration agreement in this case does not use the word "consideration" but purports to be based on the "mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both the Dealership and Employee...". No other consideration is specified, directly or by implication.

Plaintiff disagrees that private binding arbitration provides him any benefit. In the alternative, Plaintiff respectfully submits that the benefits, if any, provided to him by private binding arbitration

**PLAINTIFF'S MOTION TO STAY ARBITRATION AND RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**
**Page 3**

is minimal and thus, grossly inadequate. Moreover, said so-called "mutual benefits" were not bargained for by Plaintiff. There was no negotiation. Instead, Plaintiff was told that he would lose his job if did not sign the arbitration agreement. Since he already had his job, the fact that he could keep his job only if he signed the agreement did not provide him any additional benefits that he did not already enjoy, and thus, his continued employment is not adequate consideration sufficient to support the arbitration agreement.

### The arbitration agreement is not enforceable because it was obtained through duress.

The defense of duress applies to contracts. *See e.g., Gooch v. American Sling Co.*, 902 SW2d 181, 186(Tex.App.–Fort Worth 1995, no writ). Duress occurs when the defendant is compelled to enter into a contract against its will or judgment, such as threat. *See Black's Law Dictionary* 520 (7th ed. 1999). Defendants threatened to fire Plaintiff if he did not sign the arbitration agreement. Plaintiff did not sign the agreement voluntarily but did so only in order to keep his job, and thus, Plaintiff was coerced by both personal and economic duress into making the agreement and was left with no means of protection except to sign the agreement. The threat to fire him was imminent and of such character that it overcame Plaintiff's free will and caused him to do something he would not otherwise have done and which he was not otherwise legally bound to do.

### The arbitration agreement is not enforceable because it is void as against public policy.

A contract with provisions that are against public policy cannot be enforced. *Sacks v. Dallas Gold & Silver Exchange*, 720 SW2d 177, 180 (Tex.App.–Dallas 1986, no writ). The arbitration agreement in this case stripped Plaintiff of his right to free access to the courts in order to keep his job, and as such, should be declared void as against public policy. *Cf., Barnhart v. Kansas City, M&O Railroad*, 184 SW 176, 179 (Tex. 1916)(held that an agreement that required an employee to assume the risk of the employer's negligence in consideration for employment was void as against public policy).

### *The arbitration agreement is not enforceable*
### *because it was unconscionable at the time it was made.*

"A court may not enforce an agreement to arbitrate if the court finds the agreement was unconscionable at the time the agreement was made." CPRC §171.022. "When deciding whether a contractual provision such as an arbitration agreement is unconscionable, a court must consider the entire atmosphere in which the agreement was made." *American Employers' Ins. Co. v Aiken*, 942 SW2d 156, 160 (Tex.App.–Fort Worth 1997, no writ). "The court must look at the bargaining process the parties went through and must evaluate the fairness of a contractual provision in controversy by determining whether there are legitimate commercial reasons that justify its inclusion as part of the agreement." *Id.* "Although unconscionability is a question of law, the trial court is entitled to hear evidence on the issue." *Id.*

Here, the parties did not have equal bargaining power when the agreement was entered. On the contrary, Defendants were in a far superior bargaining position which they took advantage of by threatening to fire Plaintiff if he did not sign the agreement. Moreover, at the time the agreement was signed by Plaintiff, he was not sophisticated or knowledgeable in matters such as arbitration agreements or regarding his employment rights should he refuse to sign the agreement. The atmosphere in which the agreement was made was one of extreme duress (i.e., Plaintiff was told to sign the agreement or get fired). There was no bargaining but this was a one-way deal with no real options available for Plaintiff and no real consideration offered in return for his signature. There is no legitimate commercial reason for allowing employers to coerce current employees into signing arbitration agreements in order to keep their jobs. The agreement in question was and is unconscionable and thus, should not be enforced.

### *The arbitration agreement is not enforceable to the extent, if at all,*
### *that said agreement and/or Plaintiff's discrimination claims involve*
### *personal injury claims (e.g., mental anguish, lost wages, etc.).*

A claim for personal injury is subject to arbitration under Chapter 171 only if

> (1)    each party to the claim, on the advice of counsel, agrees in writing to arbitrate; and

(2)     the agreement is signed by each party and each party's attorney.

CPRC §171.002(c).  Plaintiff was not permitted an opportunity to seek advice of counsel but was told that if he did not sign the arbitration agreement, he would lose his job.  The arbitration agreement is not signed by either party's attorney.  Thus, to the extent that said agreement and/or Plaintiff's discrimination claims involve personal injury claims, the agreement is not enforceable.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Vernon Jones, respectfully prays that Defendants' Motion to Compel Arbitration and to Stay Litigation be in all things denied; that Plaintiff's motion to stay arbitration be granted ; and that Plaintiff be granted such other and further relief to which the Plaintiff may be justly entitled at law or in equity.

Respectfully submitted:

**LAW OFFICES OF**
**WM. RANDELL JOHNSON**
1400 PRESTON ROAD, SUITE 340
PLANO, TEXAS 75093
VOICE: 972/769-7200
FAX: 972/758-9783

BY: _____
WM. RANDELL JOHNSON
SBOT NO: 10805450
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of this document were served on Defendants' attorney of record by delivery of same to said counsel by certified mail, hand-delivery, and/or facsimile transmission on this the 8th day of April , 2005.

_____
Wm. Randell Johnson

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **VERNON JONES,**<br>**Plaintiff,** | §<br>§<br>§ | |
| **vs.** | §<br>§ | **CIVIL ACTION NO. 3-05CV 0293K** |
| **AUTONATION, INC.,**<br>**BANKSTON AUTO, INC., and**<br>**W. O. BANKSTON NISSAN, INC.  d/b/a**<br>**BANKSTON NISSAN DALLAS,**<br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§ | |

### PLAINTIFF'S AFFIDAVIT OF FACT IN SUPPORT OF
### PLAINTIFF'S MOTION TO STAY ARBITRATION AND RESPONSE TO
### DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY LITIGATION

BEFORE ME,  the  undersigned authority, on this day personally appeared VERNON

JONES, who, after being by me duly sworn, according to law, upon his oath, deposed and stated:

1.      "My name is Vernon Jones.  I am over eighteen (18) years of age, of
sound mind, have never been convicted of a felony or a crime involving
moral turpitude, and am fully capable and competent to make this
Affidavit. The facts stated in this affidavit are within my personal
knowledge and are true and correct.

2.      "I have read the response/motion to which this affidavit is attached. The
facts stated in the motion are true and correct as are the denials stated
in Part VII of the response/motion.

3.      "I was hired by Defendants or one of their predecessor companies in
1983 and continued to work for them until on or about May 4, 2004, at
which time I was injured at work and was rendered disabled from
working as a result of said work-related injury. Before I was injured, my
employer had discriminated against me because of my age, color and/or
race, which is why I filed this lawsuit.  I also believe they may have tried
to block my workers' compensation claim before my attorney intervened
on my behalf.

4.      "A couple of years ago, my supervisor  came to me with an arbitration
agreement and said that if I did not sign the agreement, I would lose my
job.  I was not given any time to talk to an attorney to determine what
the agreement meant but was told that I needed to sign it right away or
I would lose my job.  I did not ask for this agreement. The agreement
was not explained to me. I did not voluntarily sign the agreement.  The

only reason I signed the agreement was so I could keep my job which I needed in order to be able to pay my bills.

5.      "Other than not getting fired from the job that I had been working at for approximately twenty years, I did not receive any employment benefits, additional wages or any other benefits of any kind in return for signing the arbitration agreement. I did not view the agreement as providing me anything of value but felt I had no choice but to sign it if I wanted to keep my job."

*Vernon Jones*
VERNON JONES

THE STATE OF TEXAS        §
                          §
COUNTY OF COLLIN          §

SUBSCRIBED AND SWORN TO BEFORE ME on April 8, 2005, by the Plaintiff in the above-referenced cause of action, VERNON JONES, who is personally known to me, or, I was presented by signatory as a witness who knows the signatory, or a proper identification card or other document that was used to identify the signatory person.

KELLY ANN JOHNSON
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-09-2005

Notary Public, State of Texas

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 1 2 2005

CLERK, U.S. DISTRICT COURT
By _____
           **Deputy**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. _____ |
| | § | |
| SHANNON T STRANGE, | § | |
| | § | **3 - 0 5 C V 0. 6 9 3 - G** |
| Defendant, | § | |
| | § | |
| 1ST BANK & TRUST, | § | |
| | § | |
| Garnishee. | § | |

## CLERK'S NOTICE OF POST-JUDGMENT GARNISHMENT

You are hereby notified that this money/property is being taken by the United States of America which holds a judgment in Case No. 3:85CR099 in the Northern District of Texas, in the sum of $4,000.00. A balance of $14,108.12 remains outstanding.

In addition, you are hereby notified that there are exemptions under the law which may protect some of the property from being taken by the United States government if you, Shannon T Strange (Strange), and spouse, Kathy Strange, can show that the exemptions apply. The attached claim for exemption form contains a summary of the major exemptions which apply. The right to exempt property from this claim is established by Federal law, 18 U.S.C. § 3613. If you don't understand your rights, you may wish to seek advice as discussed below.

**Clerk's Notice of Post Judgment-Page 1**

You have a right to ask the Court to return your property to you if you think that you do not owe the money to the Government as it says you do, or if you think the property the Government is taking qualifies under one of the exemptions.

If you want a hearing, you must notify the Court within twenty (20) days after receipt of the notice. Your request must be in writing.

If you wish, you may use this notice to request the hearing by checking the box below. You must either mail it or deliver it in person to the Clerk of the United States District Court, Northern District of Texas, 1100 Commerce Street, Room 14A20, Dallas, TX 75242. You must also send a copy of your request to the United States Attorney for the Northern District of Texas, Attn: Mattie Peterson Compton, Assistant United States Attorney, Burnett Plaza Suite 1700, 801 Cherry Street Unit #4, Fort Worth, TX 76102, so the Government will know you want a hearing.

The hearing will take place within 5 days after the Clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible. The court will issue an order advising you of the time, place, and date of the hearing.

At the hearing you may explain to the judge why you believe the property the Government is taking is exempt or why you think you do not owe the money to the Government. If you do not request a hearing, then your property will be delivered to the United States Government.

If you think you live outside the Federal judicial district in which the Court is

**Clerk's Notice of Post Judgment-Page 2**

located, you may request, not later that twenty (20) days after you receive this notice, that this proceeding to take your property be transferred by the court to the Federal judicial district in which you reside.  You must make your request in writing, and either mail it or deliver it in person to the Clerk of the United States District Court, Northern District of Texas, 1100 Commerce Street, Room 14A20, Dallas, TX 75242.  You must also send a copy of your request to the United States Attorney for the Northern District of Texas, Attn: Mattie Peterson Compton, Assistant United States Attorney, Burnett Plaza Suite 1700, 801 Cherry Street Unit #4, Fort Worth, TX 76102, so the Government will know you want the proceeding to be transferred.

Be sure to keep a copy of this notice for your own records.  If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the clerk of the court.  The Clerk is not permitted to give out legal advice, but can refer you to other sources of information.

**CLERK OF COURT** — Carmen Bush
CLERK, UNITED STATES DISTRICT COURT    Deputy
NORTHERN DISTRICT OF TEXAS    Clerk

❑    1)  I am requesting a hearing pursuant to 28 U.S.C. § 3202(d).

❑    2)  I am not requesting a hearing pursuant to 28 U.S.C. § 3202(d).

_____
Shannon T Strange

Date_____

**Clerk's Notice of Post Judgment-Page 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. _____ |
| | § | |
| SHANNON T STRANGE, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| 1ST BANK & TRUST, | § | |
| | § | |
| Garnishee. | § | |

## CLAIM FOR EXEMPTION FORM

To complete this form, place an "X" in the adjacent space(s) to any such exemption you are claiming below. If you are claiming exemptions, you must file this document along with your request for a hearing as explained in the <u>Clerk's Notice of Post-Judgment Garnishment.</u>

___  Wearing apparel and school books. 26 U.S.C. § 6334(a)(1).

___  Fuel, Provisions, Furniture, and Personal Effects up to $6,250.
26 U.S.C. § 6334(a)(2).

___  Books and tools of a trade, business, or profession up to $3,125. 26 U.S.C.
§ 6334(a)(3).

___  Unemployment benefits. 26 U.S.C. § 6334(a)(4).

___  Undelivered mail. 26 U.S.C. § 6334(a)(5).

___  Certain annuity and pension payments.--Annuity or pension payments under

Claim for Exemption-Page 1

the Railroad retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S. C. § 1562), and annuities based on retired or retainer pay under 10 U.S.C. § 73. 26 U.S.C. § 6334(a)(6).

___     Workmen's compensation. 26 U.S.C. § 6334(a)(7).

___     Judgments for support of minor children. Required by Court judgment entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment. 26 U.S.C. § 6334(a)(8).

___     Certain service-connected disability payments. 26 U.S.C. § 6334(a)(10).

___     Assistance under Job Training Partnership Act. 26 U.S.C. § 6334(a)(12).

___     Disposable earnings subject to garnishment of 25% do not reflect all deductions which are required by law to be withheld. **Note-Not an IRS' levy exemption**

_____
Shannon T Strange

Date_____