IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VERNON JONES, | § | |
| Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION NO. 3-05CV 0293K |
| AUTONATION, INC., BANKSTON AUTO, INC. and W.O. BANKSTON NISSAN, INC. d/b/a BANKSTON NISSAN DALLAS, | § § § § § § | |
| Defendants. | § | |

**ORIGINAL**

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

TO THE HONORABLE ED KINKEADE, U. S. DISTRICT JUDGE:

Defendants filed their Motion to Compel Arbitration And To Stay Litigation on March 23, 2005. The sole issue raised is whether Plaintiff must arbitrate his race and age discrimination claims pursuant to the terms of the Arbitration Agreement he executed May 30, 2002. Because Defendants' Motion established that a written arbitration exists,[1] and that it covers Plaintiff's race and age discrimination claims, the burden shifted to Plaintiff to show that Congress intended to preclude a waiver of a judicial forum for his race and age discrimination claims. *See Gilmer v. Interstate/Johnson Lane Corporation*, 500 U.S. 20, 26 (1991).

Plaintiff does not argue in Plaintiff's Motion To Stay Arbitration And Response To Defendants' Motion To Compel Arbitration And Stay Litigation that his race and age

---

[1] *See* Exhibit "A" to Defendants' Motion to Compel.

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION -**          Page 1

discrimination claims cannot be compelled to arbitration. Plaintiff could not make such an argument because both his age and race claims clearly *can* be compelled to arbitration. *See Gilmer v. Interstate/Johnson Lane Corporation*, 500 U.S. at 35 (holding that an age discrimination claim brought under the ADEA may be compelled to arbitration); *Rojas v. TK Communications, Inc.*, 87 F.2d 745, 747 (5th Cir. 1996) (holding that Title VII discrimination claims may be compelled to arbitration.). And Plaintiff makes no argument that his race and age discrimination claims are not covered by the Arbitration Agreement. Rather, Plaintiff asks this Court to ignore decisions of the Texas and United States Supreme Courts, and instead, to adopt Plaintiff's outdated view that arbitration is somehow inferior to the judicial process for resolving Plaintiff's race and age discrimination claims. The Court should reject Plaintiff's request.

## THE ARBITRATION AGREEMENT IS VALID AND ENFORCEABLE

Plaintiff offers five reasons why he believes that the Arbitration Agreement is invalid and unenforceable, but all are primarily based on a single complaint – that he had to sign the agreement if he wanted to keep his job. However, that complaint will not defeat a motion to compel arbitration because a "take it or leave it" offer to at-will employees concerning an arbitration agreement is permitted under Texas law. *In re Halliburton Co.*, 80 S.W.3d 566 (Tex. 2002). Plaintiff's other attacks on the Arbitration Agreement have also been considered and rejected by Texas and federal courts.[2] Consequently, Plaintiff's claims should be compelled to arbitration.

---

[2] Plaintiff supports his attacks on the Arbitration Agreement with an affidavit describing his belief that he had to sign the agreement to keep his job. However, even assuming that everything Plaintiff testifies to in his affidavit is true, Plaintiff has not offered any basis to defeat Defendants' Motion to Compel as a matter of law. Therefore, the Court need not, and should not, set the enforceability of the Arbitration Agreement for a trial by jury, but instead, should decide that issue in summary fashion.

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS' MOTION TO COMPEL ARBITRATION -** Page 2

*The Arbitration Agreement is Supported by Adequate Consideration.*

Plaintiff first contends that the Arbitration Agreement fails because it was not supported by any consideration, or its consideration was grossly inadequate. Plaintiff basis this contention on his position that the Arbitration Agreement provides him little, if any, benefit, and his complaint that he had to sign it to keep his job. Both of these arguments lack merit.

Plaintiff's argues that the Arbitration Agreement is of no benefit to him because it lacks a mutuality of obligation. However, the surrender of a legal right constitutes valid consideration in Texas. *In re Alamo Lumber Company*, 23 S.W.3d 577 (Tex.App. -- San Antonio, 2000, orig. proceeding), citing, *Northern Natural Gas Co. v. Conoco, Inc.*, 986 S.W.2d 603 (Tex. 1998). Under the terms of the Arbitration Agreement, both Plaintiff and Defendants agreed to submit the vast majority of claims that either might have against the other to binding arbitration. So, both Plaintiff and Defendants surrendered their right to trial by jury on most, albeit not all, claims. Nevertheless, the parties' mutual promises to arbitrate some claims supplies valid consideration. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 729 (Tex. 2001); *In re Alamo Lumber,* at 579. The fact that the Arbitration Agreement does not include all claims of the parties does not change this result. *In re FirstMerit Bank,* at 757. It does in fact include all claims at issue in this lawsuit.

Plaintiff's claim that he had to sign the Arbitration Agreement to keep his job, even if true, is irrelevant. A gross disparity in bargaining power between the parties does not render an arbitration agreement unenforceable. *In re Halliburton ,* 80 S.W.3d at 572. Nor does the fear of losing one's job for refusing to sign an arbitration agreement. *Id.; See also Hathaway v. General Mills, Inc.*, 711 S.W.2d 227, 228-29 (Tex. 1986).

<u>**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE**</u>
<u>**TO DEFENDANTS' MOTION TO COMPEL ARBITRATION** -</u>     Page 3

*Plaintiff's Duress Defense Fails.*

Plaintiff argues that he "was coerced by both personal and economic duress into making the agreement" because " Defendants threatened to fire Plaintiff if he did not sign the [A]rbitration [A]greement." Again, a "take it or leave it" offer to at-will employees concerning an arbitration agreement is permitted under Texas law. *In re Halliburton Co.*, 80 S.W.3d 566, 572 (Tex. 2002). Consequently, Plaintiff has not offered a valid basis for his duress defense as a mater of law.

*The Arbitration Agreement is not Void as Against Public Policy.*

Plaintiff argues that the Arbitration Agreement is void as against public policy because it "stripped Plaintiff of his right to free access to the courts in order to keep his job." But the United States and Texas Supreme Courts do not agree.

A series of Supreme Court decisions in the late 1980's endorsed arbitration as an effective and efficient means of dispute resolution. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985); *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220 (1987); *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477 (1989). These decisions led to the Supreme Court's landmark ruling in *Gilmer v. Interstate/Johnson Land Corporation*, 500 U.S. 20 (1991).

In *Gilmer*, and more recently in *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001), the Supreme Court strongly endorsed arbitration as an effective and appropriate tool for resolution of an employee's federal statutory claims. *Gilmer*, 500 U.S. at 30; *Circuit City Stores*, 532 U.S. at 122-123. Then in 2002, the Supreme Court reiterated that "[w]e have held that federal statutory claims may be the subject of arbitration agreements that are enforceable

<u>DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS' MOTION TO COMPEL ARBITRATION -</u>                    Page 4

pursuant to the FAA because the agreement only determines the choice of forum." *Equal Employment Opportunity Commission v. Waffle House, Inc.*, 534 U.S. 279, 294 n. 10 (2002).

Likewise, "Texas law favors settling disputes by arbitration." *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996); *see also Cantella & Co. V. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996). "Indeed, a presumption exists in favor of agreements to arbitrate under the FAA ... [and Texas] [c]ourts must resolve any doubts about an agreement to arbitrate in favor of arbitration." *Cantella*, 924 S.W.2d at 944. Consequently, an employee *can* be required to sign an arbitration agreement in order to keep his job. *In re Halliburton*, 80 S.W.3d at 572.

***The Arbitration Agreement Is Not Unconscionable.***

Plaintiff alleges that the Arbitration Agreement is unconscionable because: he did not have equal bargaining power; "he was not sophisticated or knowledgeable in matters such as arbitration agreements;" he was under extreme duress – Plaintiff claims that he "was told to sign the agreement or get fired;" and he didn't have an opportunity to negotiate the agreement.

First, there is nothing *per se* unconscionable about arbitration agreements in Texas. *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 574 (Tex. 1999); *EZ Pawn*, 934 S.W.2d at 90. And Texas law holds that a gross disparity in bargaining power between the parties is not procedurally unconscionable. *In re Halliburton*, 80 S.W.3d at 572; *EZ Pawn* 934 S.W.2d at 90-91. Additionally, Texas courts presume that a party who signs an arbitration agreement knows and understands its contents. *EZ Pawn*, 934 S.W.2d at 90; *Cantella*, 924 S.W.2d at 944. Furthermore, fear of losing one's job for refusing to sign an arbitration agreement is not procedural unconscionability. *Halliburton*, 80 S.W.3d at 572; *Hathaway v. General Mills, Inc.*, 711 S.W.2d at 228-29. Finally, presenting an arbitration agreement to an employee on a "take it

or leave it" basis (i.e., one where there is no opportunity for negotiation), is permitted by Texas law. *Halliburton* 80 S.W.3d at 572. Since "an employer has a general right under Texas law to discharge an employee at-will, it cannot be unconscionable, without more, merely to promise continued employment on acceptance of new or additional terms." *Id.*

***The Validity Of The Arbitration Agreement Was Not Dependent On Plaintiff Obtaining Advice Of Counsel.***

Lastly, Plaintiff argues that the Arbitration Agreement is not enforceable "to the extent that said agreement and/or Plaintiff's discrimination claims involve personal injury claims" because the Arbitration Agreement is not signed by Plaintiff's attorney. Although Defendants' question whether Plaintiff's race and age discrimination claims constitute a claim for "personal injuries" within the meaning of Chapter 171 of the TEX. CIV. PRAC. & REM. CODE, this Court need not address this issue. By its terms, the Arbitration Agreement is governed by the Federal Arbitration Act (the "FAA"). The FAA creates a substantive body of law that is applicable in state courts. *Perry v. Thomas*, 482 U.S. 483, 489 (1987); *In re Conseco Finance Servicing Corp.*, 19 S.W.3d 562, 567 (Tex. App. – Waco 2000, pet. dism'd by agreement). Under the Supremacy Clause of the United States Constitution, the FAA preempts all otherwise applicable state laws in applicable cases, including the Texas General Arbitration Act (the "TGAA"). U.S.C.A. Const. Art. 6, cl. 2; 9 U.S.C.A. §§ 1 - 16; TEX.CIV.PRAC.& REM.CODE § 171.098; *Russ Berrie & Co. v. Gantt*, 998 S.W.2d 713 (Tex.App.–El Paso 1999, no pet.); *BWI Companies, Inc. v. Beck*, 910 S.W.2d 620 (Tex.App.–Austin 1995, orig. proceeding [leave denied]). Consequently, so long as it satisfies the FAA, the Arbitration Agreement need not comply with any provision of the TGAA to be valid and enforceable. And here, the Arbitration Agreement

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS' MOTION TO COMPEL ARBITRATION -**  **Page 6**

does satisfy the FAA.

## DEFENDANTS' MOTION TO COMPEL ARBITRATION SHOULD BE GRANTED

As shown above, Plaintiff has not offered any valid defenses to enforcement of his Arbitration Agreement. And since Plaintiff's attacks on the Arbitration Agreement fail as a matter of law, this Court can and should summarily grant Defendants' Motion to Compel Arbitration, and compel all of Plaintiff's claims to arbitration. Accordingly, Defendants, AutoNation, Inc., Bankston Auto, Inc. and W.O. Bankston Nissan, Inc. d/b/a Bankston Nissan Dallas respectfully request that the Court enter an Order compelling arbitration and staying this litigation pending arbitration of Plaintiff's claims. Defendants also pray for such other and further relief to which they are justly entitled.

Respectfully submitted,

GIBSON, McCLURE, WALLACE, & DANIELS, L.L.P.

By: _____
Ruth Ann Daniels
State Bar No. 15109200
Bryan D. Perkins
State Bar No. 15783500
Jonni Walls
State Bar No. 20793650

8080 North Central Expressway
Suite 1300, L.B. 50
Dallas, Texas 75206-1838
(214) 891-8040
Fax: (214) 891-8010

ATTORNEYS FOR DEFENDANTS
AUTONATION, INC., BANKSTON AUTO, INC. AND
W.O. BANKSTON NISSAN, INC. D/B/A BANKSTON
NISSAN DALLAS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded via certified mail, return receipt requested, to counsel for Plaintiff, William Randell Johnson, 1400 Preston Road, Suite 340, Plano, Texas 75093, on the 21st day of April, 2005.

_____
Bryan D. Perkins